A. H. Johnson, Receiver, *v.* J. G. Atherton, et al.

[Abstract Kentucky Law Reporter, Vol. 6—660.]

**Conveyance to Defraud Creditors.**

> While a debtor may not defeat his creditors by fraudulently conveying his real estate, still where such a debtor buys land on time under a contract that it shall be conveyed when paid for, making said contract in his own name but for his two sons, and the proof shows that the two sons took possession and fully paid for the land and a deed was made to them on the order of their father, such conveyance will not be set aside at the suit of the father's creditors, for the father has nothing invested in such land and never owned it.

APPEAL FROM McLEAN CIRCUIT COURT.

March 26, 1885.

Opinion by Judge Lewis:

In January, 1873, Thomas Howard as principal and J. F. Thomas and John G. Atherton, sureties, executed to Gates, receiver of the court in an action of Whitaker's Administrator against Howard and others, a bond by which they agreed to pay one year after date the sum of $3,850.59.

At the July term, 1878, of the court it was adjudged in that action that all the proceeds of the bond except $1,924.47 was the property of Whitaker's administrator, and appellant who was at that time receiver of the court was directed to collect the amount. And as directed he caused execution to issue by which a part of the amount was collected, but the residue of the executions was returned no property found.

In March, 1873, John G. Atherton purchased at a judicial sale a tract of 140 acres of land at the price of $2,000, payable in two

installments, the first one for about $1,000, payable within six months, which was satisfied. There were three payments made on the second instalment, the last one of which was in full satisfaction, being made in February, 1877. But no deed was made for the land until July 11, 1878, by direction of John G. Atherton, the commissioner of the court conveyed it to his two sons, appellants W. C. and Aaron Atherton.

This action was brought in August, 1881, to subject the 140 acres of land as the property of John G. Atherton to the satisfaction of the balance unpaid of the bond executed to the receiver in 1873, by Howard Thomas and John G. Atherton.

It is stated in the petition that John G. Atherton procured the conveyance of the land to his two sons for the fraudulent purpose of covering up his property and especially to prevent the collection of the debt due the receiver.

In their respective answers, as well as in their depositions all three of the defendants state that it was agreed between them when the 140 acres of land was sold, that the father, John G. Atherton, should as the agent of his two sons bid for the land and execute the required bond for the purchase price, and that in pursuance of that agreement, he did buy it in his own name and execute the bonds, the reasons assigned therefor being that they having at that time no property were not in a condition to give the bonds. But they all testify that immediately after the purchase the sons took possession of the land and have cultivated, improved and claimed it as their property ever since. They also state positively that the whole of the first instalment of the purchase price was paid by the two sons, when it fell due, and that the whole of the second installment was also paid by them, except $240 paid by their father, which has been since repaid to him.

There are some circumstances connected with the transaction from which fraud might perhaps be inferred, but they are not such as, in our opinion, to outweigh the positive and uncontradiced statements by appellees, that the land was purchased in good faith and wholly paid for by Wm. C. and Aaron Atherton.

It is true the agreement was not reduced to writing and probably the sons could not have compelled the father to consent or cause the commissioner's deed to be made to them. But he did so before this action was brought and that it was done in pursuance to an

express agreement to which they all testify, and the entire purchase money was paid by them, and they were in possession at the time. We do not in the absence of sufficient evidence to show it, feel authorized to weigh evidence as to whether the deed was procured to be made, fraudulently or without consideration.

It is true that it was about eighteen months from the time the last payment was made before the commissioner's deed was made to Wm. C. and Aaron Atherton, and that it was made at the same term of court at which the judgment was rendered on the receiver's bond and it may be after that judgment. But there is nothing in this record to show any reason why the judgment was not rendered before July, 1878, nor that there was any doubt or dispute before that time about Howard and his sureties being bound for the amount adjudged against them.

In view of the uncontradicted statements of appellees we do not feel authorized to say that the court erred in the judgment rendered and it must therefore be *affirmed*.

Judgment *affirmed*.

*Jeff. C. Johnson and Sweeney & Sons, for appellants.*

*Charles Eaves, for appellees.*